UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **SCOTT PHILLIP LEWIS,** *Plaintiff* | § § § |
| v. | § § No. 1:25-CV-01519-RP-DH |
| **KEN PAXTON, ET AL.,** *Defendants* | § § § § |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Scott Phillip Lewis's application to proceed *in forma pauperis*. Dkt. 2. Because Lewis is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

### I.     REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Lewis's financial affidavit and determined he is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby **GRANTS** Lewis's request for *in forma pauperis* status, Dkt. 2. The

1

Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Lewis is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that Lewis's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.     REVIEW OF THE MERITS OF THE CLAIM

Because Lewis has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review his complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Lewis brings two claims for violations of his Fourteenth Amendment rights and for conspiracy under section 1985 against Defendants Ken Paxton, Travis County, Texas, and Durham and Jones, PLLC based on a state criminal proceeding initiated against Lewis in 2016 for driving while intoxicated. Dkt. 1, at 2-3; 42 U.S.C. § 1985. Based on a screenshot included in Lewis's complaint, any criminal charges against Lewis were dismissed. *Id.* at 3. Nonetheless, Lewis alleges that his lawyers conspired with Paxton to "normalize the upcoming and planned delay in Ken Paxton's securities fraud indictment." *Id.* at 4. Lewis further alleges that Travis County violated his procedural due process rights by adding a charge against him after he declined to accept a plea deal, which "subjected [him] to a 'court of public opinion.'" *Id.* at 2-4. Yet Lewis has included no non-conclusory allegations showing that he was deprived of any constitutional right during his state criminal proceeding or that his attorneys entered into an agreement with Paxton to accomplish any such deprivation. *See id.*; *Brown v. City of Grand Prairie*, No. CIV.A. 3:01-CV-0139-, 2002

3

WL 171728, at *8 (N.D. Tex. Jan. 29, 2002) (noting that "no actionable conspiracy claim under 42 U.S.C. § 1985 can exist" where "Plaintiff has [] failed to establish any underlying violations of his constitutional rights" (citing *Kerr v. Lyford*, 171 F.3d 330, 341-342 (5th Cir. 1999))).[1]

Lewis has thus failed to state any claims for relief. 28 U.S.C. § 1915(e)(2)(B)(ii); *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007) (noting that Federal Rule of Civil Procedure 8 requires a pleading to contain more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement"); *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) ("Some claims are 'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy.'" (quoting *Oneida Indian Nation of N.Y. v. Oneida Cnty.*, 414 U.S. 661, 666 (1974))). The undersigned recommends that the District Judge dismiss Lewis's complaint with prejudice.

### III.     ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Lewis's application to proceed *in forma pauperis*. Dkt. 2. The undersigned **RECOMMENDS** that the District Judge **DISMISS** Lewis's causes of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Lewis's claims are also likely barred by the statute of limitations since he complains of conduct that occurred in 2016 and 2017. Dkt. 1, at 2-3; *Breshell v. Lynn*, No. 3:22-CV-1733-S-BK, 2022 WL 18494830, at *1 (N.D. Tex. Dec. 21, 2022), *R. & R. adopted*, No. 3:22-CV-1733-BK, 2023 WL 1071656 (N.D. Tex. Jan. 27, 2023) ("The statute of limitations for claims under sections 1983 and 1985 that are brought in Texas federal courts is two years from the date the claims accrue." (citations omitted)).

The referral of this case to the Magistrate Judge should now be canceled.

## IV.   WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 9, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE